**UNITED STATES of America**

v.

**Joseph ZIADEH and Aida L. Ziadeh, Defendants.**

**No. CRIM.A. 3:02CR273.**

United States District Court,
E.D. Virginia.
Richmond Division.

Nov. 5, 2002.

Gregg R. Nivala, Esq., G. Wingate Grant, Esq., Assistant United States Attorney, Richmond, VA, Counsel for United States.

James Edward Sheffield, Esq., Richmond, VA, Counsel for defendant Joseph Ziadeh.

Joseph W. Kaestner, Esq., Richmond, VA, Counsel for defendant Aida Ziadeh.

### *ORDER*

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on defendant Joseph Ziadeh's motion for an expedited hearing to partially release a restraining order. The government has responded and this matter is ripe.

█ On October 17, 2002, the government's motion for a restraining order was granted, prohibiting the defendants from disposing of, encumbering or otherwise taking any action that would diminish the value of their property up to the sum of $443,561.97, the sum of money for which forfeiture is alleged. This monetary amount does not include specific real property listed in the indictment as subject to forfeiture. With the consent of all parties,

the restraining order was modified on October 22, 2002 to permit the sale of property described as the "Corner Rock Road property," with the proceeds to be held in escrow by the United States Marshals Service. To date, that sale has not occurred. Pursuant to 18 U.S.C. § 982(a), all right, title, and interest in property involved in or the proceeds of a money laundering transaction is subject to forfeiture. In addition, the government may request the Court to order the forfeiture of substitute assets up to the value of forfeited assets that are unavailable under certain circumstances. 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1)(A) & (B). This provision applies to certain property of the defendants, including specifically a condominium in Puerto Rico that is listed in Count 19 as subject to forfeiture that the government understands was sold in June 1999, after allegedly having been purchased with proceeds from the fraud scheme. While the Corner Rock Road property is not listed in the indictment as directly forfeitable, it qualifies for forfeiture as a substitute asset to replace the value of the Puerto Rico condominium that has been sold and to partially replace the $443,561.97 for which forfeiture is sought and which is likely only recoverable through substitute assets. The government is entitled to obtain a restraining order directed at preserving substitute assets. See In re Billman, 915 F.2d 916, 920 (4th Cir.1990); United States v. Bollin, 264 F.3d 391, 421–22 (4th Cir.2001). There is also precedent that a defendant has no right to use property subject to forfeiture to pay attorney's fees. Caplin & Drysdale v. United States, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989); United States v. Swank Corporation, 797 F.Supp. 497, 505 (E.D.Va.1992) ("Caplin & Drysdale has made this issue very clear. The Government is correct—assets subject to forfeiture cannot be used to pay legal fees.")

Based on the charges in the indictment, the loss to the government resulting from the alleged activities of the defendants is in excess of the amount for which forfeiture is sought. Defendant Joseph Ziadeh's motion does not allege that the restraining order restrains property that is not subject to forfeiture; it does not allege that more property has been restrained than will be required to satisfy the order of forfeiture to which the government will likely be entitled if the defendants are convicted; and it does not allege that there is no probable cause for the forfeiture. It simply asks that the defendants be allowed to use property that must be forfeited if the defendants are convicted to finance their defense. Nothing in the Constitution requires this, and Congress has specifically enacted legislation to prohibit it. Further, most of the charges that the defendants face include mandatory forfeiture provisions.

The final issue is what, if any, hearing a defendant is entitled to when his assets have been seized for forfeiture prior to trial. This was recently addressed by the Fourth Circuit in United States v. Farmer, 274 F.3d 800 (4th Cir.2001) (discussing United States v. Monsanto, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989)). Farmer involved the civil seizure of assets rather than criminal. But the Fourth Circuit essentially decided the larger question, applicable here, as to whether "a defendant has a Fifth Amendment right to a pretrial hearing to determine whether some or all of the seized assets may properly be used to fund his criminal defense." Farmer at 803. In Farmer, the court addressed the situation where the government is generally required to trace the assets to the crime to sustain a forfeiture. In the present case, if the Ziadehs are convicted, some of their assets will be forfeited as substitute assets for which the criminal forfeiture statutes specifically

provide, and the government need not establish that the substitute assets themselves are tainted—just that the assets traceable to the offense are not available to satisfy an order of forfeiture, in which case other assets become tainted and are subject to forfeiture in lieu of the assets that cannot be located. In *Farmer*, the Fourth Circuit held that a defendant may obtain a hearing "for limited purposes" when assets seized for forfeiture affect a defendant's right to select counsel of choice. It noted that a "brief hearing will provide an opportunity for [the defendant] to prove by a preponderance of the evidence that the government seized untainted assets without probable cause and that he needs those assets to hire counsel." *Id.* at 805.[1] The court also noted that the government "may present evidence that [the defendant] has other substantial assets with which to hire attorneys and/or evidence of probable cause to believe that the seized assets are tainted and forfeitable." *Id.* As noted previously, the government need not establish that the substitute assets in this case are tainted. The court also noted that "[d]ue process does not automatically require a hearing and a defendant may not simply ask for one." *Id.* (quoting *United States v. Jones*, 160 F.3d 641, 647 (10th Cir.1998)). The Fourth Circuit stated that the district courts "enjoy broad discretion to determine the need for hearings of this sort." *Id.* at 805–06.

 In the present case, Mr. Ziadeh has not made the required showing. He has not alleged that the government has seized or restrained all of his assets. Indeed, counsel has indicated that prior to the entry of the restraining order the defendants transferred other real estate to a corporation so that the property could be used to hire counsel. In addition, there has been no suggestion, much less any proof, that the government has restrained assets that are not subject to forfeiture in the event of a conviction. Unless Mr. Ziadeh can establish that the government has (1) seized or restrained all of the defendant's assets and (2) that some of those assets are not subject to forfeiture, no hearing is required. He can make neither allegation. Thus, the defendant has not made the requisite showing that a hearing is necessary. For these reasons, defendant Joseph Ziadeh's motion for an expedited hearing to partially release a restraining order is DENIED.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

---

**1.** However, in *Caplin & Drysdale*, the Court noted that "a defendant may not insist on representation by an attorney he cannot afford." 491 U.S. at 624, 109 S.Ct. 2646 (quoting *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988)).